UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rachel M.G.,                                                   Civ. No. 25-2157 (PAM/EMB)

          Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Frank Bisignano,
Commissioner of Social Security,

          Defendant.

---

This matter is before the Court on the parties' cross-Motions for Judgment on the administrative record. For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Rachel M.G.[1] filed an application for disability insurance benefits on November 21, 2021. (Admin. R. (Docket No. 9) at 189–90.) In her application, Plaintiff alleged that she became disabled on August 1, 2020, as a result of depression, panic disorder, generalized anxiety, adjustment disorder, pain, neuropathy, and insomnia. (Id. at 241–49.)

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 423(d)(2)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 404.1520(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 404.1520(a)(4)(ii). At step three, the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Pt. 404, Subpart P, App'x 1. Id. § 404.1520(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. At that juncture, the

claimant bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. §§ 404.1520(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. R. at 96–114.) In February 2024, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. (Id. at 34–54.) Plaintiff testified and was represented by an attorney at this hearing. (Id. at 38.) Thereafter, the ALJ issued her written decision. (Id. at 10–33.)

The ALJ determined that Plaintiff had several severe impairments: obesity, chronic pain syndrome, lumbar spondylosis, rheumatoid arthritis, fibromyalgia, bipolar disorder, generalized anxiety disorder, posttraumatic stress disorder, and panic disorder. (Id. at 16.) The ALJ found that the severity of Plaintiff's impairments did not meet the criteria for severe impairments. (Id.) Further, the ALJ determined that Plaintiff has the RFC to perform light work with various limitations. (Id. at 19.)

After considering testimony from a vocational expert, the ALJ determined that there were jobs Plaintiff could perform in sufficient numbers in the national economy, and therefore found that Plaintiff was not disabled. (Id. at 27.) The Appeals Council denied

Plaintiff's request for review of the ALJ's decision, and this lawsuit followed. See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole," McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000), or whether the ALJ's decision resulted from a legal error, Nash v. Comm'r, Soc. Sec. Admin., 907 F.3d 1086, 1089 (8th Cir. 2018). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff challenges the ALJ's determination that she is not disabled, contending that the ALJ erred in not sufficiently analyzing the opinions of agency reviewers and a medical source, and in declining to impose the restrictions the medical source recommended. An ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the

4

source's specialization, and (5) any other relevant factors." Bowers v. Kijakazi, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). "The first two factors—supportability and consistency—are the most important." Id. (citing 20 C.F.R. § 404.1520c(a)). However, "the ALJ is not required to explicitly reconcile every conflicting shred of medical evidence." Austin v. Kijakazi, 52 F.4th 723, 729 (8th Cir. 2022) (cleaned up). And the ALJ need not "accept every detail of a particular medical opinion, even opinions that are in other ways persuasive." Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011).

A.   **Opinions of Drs. Chang and Erhard**

Plaintiff argues that the ALJ failed to provide any analysis of supportability and consistency regarding the prior administrative medical findings of Doctors Douglas Chang and George Erhard, agency medical consultants. Drs. Chang and Erhard found that Plaintiff has the capacity for light work. (Admin R. at 30.) The ALJ adopted their RFC determinations. (Id.) The ALJ found their opinions persuasive because "they are supported by and are consistent with the record, including the subsequently received evidence" and they contain "detailed explanations and are consistent with the medical evidence," which the ALJ discussed earlier in her decision. (Id.) Plaintiff asserts the ALJ erred in referring to her earlier discussion of the medical evidence.

The Court's review is limited "to whether the ALJ adequately analyzed persuasiveness, including the supportability and consistency factors, not whether we agree with the ALJ's evaluation of the record evidence on those issues." Cropper v. Dudek, 136 F.4th 809, 814 (8th Cir. 2025). Ideally, the ALJ would have identified examples of the

5

supportability and consistency factors in this paragraph of analysis in her opinion. But earlier in her opinion, the ALJ thoroughly explained the medical evidence that supported her conclusions, and any error here is harmless. "The ALJ's brevity is not reversible error." Grindley v. Kijakazi, 9 F.4th 622, 631 (8th Cir. 2021). Reading the ALJ's decision as a whole, the ALJ's reasoning is supported by the record evidence. Plaintiff's challenges regarding the opinions of Drs. Chang and Erhard fail.

### B.     Opinion of APRN Seifer

Plaintiff further argues that the ALJ failed to sufficiently assess the medical opinion of the orthopedic consultative examiner, Tara Seifer, an advanced practice registered nurse. (See Admin R. at 25.) Seifer opined that Plaintiff "was able to walk for less than one hour, stand for less than one hour, and sit for less than one hour in an eight-hour day with rest in between, and was not able to lift any weight frequently in an eight hour day." (Id.) The ALJ found Seifer's opinion unpersuasive because it was "not consistent with or supported by the record, including by [Seifer]'s own findings that [Plaintiff] was able to tandem walk, heel walk without assistance with mild balance impairment, and had steady gait and normal reflexes." (Id. at 30.) The ALJ further noted that although Seifer concluded that Plaintiff had "decreased strength in the bilateral lower extremities and decreased sensation in the feet," Seifer's restrictions were not supported by other record evidence, including the opinions of Drs. Chang and Erhard. (Id.)

An ALJ must evaluate, among other factors, whether a medical opinion is consistent with other medical evidence. See 20 C.F.R. § 404.1527. Plaintiff again argues that the ALJ erred by referring to her previous discussion of medical evidence, but, as previously

6

determined, that is at most harmless error. Plaintiff essentially asks the Court to reweigh evidence, which it will not do. See Schmitt v. Kijakazi, 27 F.4th 1353, 1361 (8th Cir. 2022) ("Despite [Plaintiff's] dissatisfaction with how the ALJ weighed the evidence, it is not this Court's role to reweigh that evidence."). Although Plaintiff disagrees with the ALJ's conclusions regarding the supportability and consistency factors, the ALJ sufficiently analyzed them.

Finally, Plaintiff argues that the ALJ failed to adequately assess Seifer's opinion in not explaining why each medical finding either supports or conflicts with Seifer's opinion. But the regulations do not require an ALJ to provide such an explanation. See 20 C.F.R. § 404.1520c(b)(1) ("[The ALJ is] not required to articulate how [she] considered each medical opinion . . . from one medical source individually.") In any event, the ALJ sufficiently described her conclusions on Seifer's opinion. For example, the ALJ explained that Seifer's opinion on Plaintiff's functional limitations matches Plaintiff's self-reported limitations, and an ALJ must consider plaintiff's own report of symptoms against the backdrop of objective medical evidence. (Admin. R. at 3511, 3515.) Moreover, Drs. Cheng and Erhard opined that Seifer overestimated Plaintiff's restrictions, and the ALJ adequately explained her decision not to credit Seifer's opinion on Plaintiff's restrictions and limitations. Indeed, the RFC must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." McKinney, 228 F.3d at 863. The ALJ's conclusions fall well within the "available zone of choice." Bradley v. Astrue, 528 F.3d 1113, 1115 (8th Cir. 2008) (quotation omitted).

7

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 11) is **DENIED**; and

2. Defendant's Motion for Judgment (Docket No. 13) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 22, 2025                    *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge